HON. THOMAS S. ZILLY

08-CV-00669-APPL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE,  )
                                            )   No. 2:08-CV-00669-TSZ
    Plaintiff,                    )
                                            )   CONSENT DECREE
    v.                                     )
                                            )
PACIFIC METALLURGICAL, INC., )
                                            )
    Defendant.                 )
_____ )

WHEREAS, Plaintiff Puget Soundkeeper Alliance filed a Complaint against Defendant Pacific Metallurgical, Inc. on April 29, 2008 alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Defendant's facility located in Kent, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys' fees and costs; and

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged violations; and

WHEREAS, counsel for the parties to this action have engaged in discussions relating to

CONSENT DECREE - 1
No. 2:08-CV-00669-TSZ

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

the potential settlement of this litigation, which discussions have included an assessment of the facts surrounding the alleged violations; and

WHEREAS, Defendant has undertaken, and is implementing, measures to further ensure compliance with the Clean Water Act at its facility and to address issues raised in the Notice of Intent to Sue Letter dated February 21, 2008 ("Notice Letter") served by Plaintiff; and

WHEREAS, Defendant is making stormwater system improvements that include construction of a new settling pond to collect stormwater from Defendant's facility that is the subject of this lawsuit and an adjacent facility formerly operated by Almet, Inc. ("Almet Property"), and Defendant is working with the Washington Department of Ecology ("Ecology") to obtain a combined Industrial Stormwater General Permit for these properties; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint and the Notice Letter (collectively, the "Complaint"), and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of this action;

CONSENT DECREE - 2
No. 2:08-CV-00669-TSZ

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

2. The undersigned representative for each party certifies that he or she is fully authorized by the party or parties whom he or she represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

3. This Consent Decree shall apply to, and be binding upon, the parties, and upon the successors and assigns of the parties.

4. This Consent Decree shall apply to Defendant's operation and/or oversight of its facility located at or about 925 5th Avenue South, Kent, Washington 98032 (the "Facility").

5. This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted against Defendant under the Clean Water Act, 33 U.S.C. §§ 1251-1387 or the Washington Water Pollution Control Act, RCW §§ 90.48.010 – 90.48.906, arising from Defendant's operations of the Facility and the Almet Property (the "Claims"). With respect to any Claims related to violations at the Almet Property, this Consent Decree shall constitute a full and complete settlement only as to Defendant.

6. This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or the admission or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

7. In full and complete satisfaction of the Claims, Defendant agrees to abide by and be subject to the following terms and conditions:

    a. Defendant shall comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. SO3-000699, effective on the date the Complaint was

CONSENT DECREE - 3
No. 2:08-CV-00669-TSZ

filed, or any successor, modified, or replacement permit, including any Combined Permit as that term is defined in paragraph 7(c) (collectively, the "NPDES Permit");

      b.     Defendant shall, for a period of two years beginning on the date that this Consent Decree is entered by the Court, forward copies to Plaintiff of all written or electronic communications between Defendant and Ecology concerning Defendant's compliance with the NPDES Permit and the Clean Water Act, including but not limited to Discharge Monitoring Reports, Level One, Two, or Three response reports or similar adaptive management reports, correspondence, and inspection reports. During this same period Defendant shall additionally forward copies to Plaintiff of all inspection reports and/or checklists of all visual monitoring conducted pursuant to the NPDES Permit. All copies shall be forwarded to Plaintiff on a quarterly basis and not later than the forty-fifth (45th) day following the end of each calendar quarter;

      c.     Defendant shall, for a period of two years following entry of this Consent Decree, regardless of the monitoring frequency requirements of the NPDES Permit, collect a minimum of two stormwater discharge samples at the Facility each calendar quarter at the location and in the manner specified by Defendant's stormwater pollution prevention plan. Should Ecology issue Defendant a single National Pollutant Discharge Elimination System permit authorizing the discharge of stormwater from both the Facility and the Almet Property ("Combined Permit"), and if the stormwater pollution prevention plan developed by Defendant for the Combined Permit provides that stormwater sampling required under the Combined Permit will be taken from a single discharge point, then Defendant may comply with the requirements of this sub-paragraph by taking two stormwater samples each calendar quarter at that discharge point. Such stormwater samples shall be collected and analyzed for the pollutant

CONSENT DECREE - 4
No. 2:08-CV-00669-TSZ

parameters required by the NPDES Permit, with the results reported to Ecology as specified by the NPDES Permit. For the purposes of this subparagraph, Defendant need not collect stormwater samples when precipitation is insufficient to generate a stormwater discharge;

   d. Within sixty days of the entry of this Consent Decree Defendant shall submit a Level Two Source Control Report for copper, as defined in Condition S4.C of the NPDES Permit effective on the date the Complaint was filed ("Level Two Report"), to Ecology, with a copy provided to Plaintiff at that same time. The Level Two Report shall identify the potential sources of stormwater contamination that are causing or contributing to the presence of copper, investigate all available options of source control, operational control and stormwater treatment best management practices to reduce stormwater contaminate levels below NPDES Permit benchmark values, and propose a schedule for the implementation of the additional source control and operational control best management practices identified. Under this schedule, all additional source control and operational control best management practices shall be fully implemented no later than ninety days after submission of the Level Two Report to Ecology. Defendant shall fully implement the additional source control and operational control best management practices identified in the Level Two Report in accordance with the schedule described therein.

   e. Within thirty days of entry of this Consent Decree Defendant shall conduct a Level One Response for turbidity, pH and zinc, as defined in Condition S4.C of the NPDES Permit effective on the date the Complaint was filed, and submit a brief summary of the Level One Response to the Washington Department of Ecology, with a copy provided to Plaintiff at that time;

CONSENT DECREE - 5
No. 2:08-CV-00669-TSZ

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

f. Within sixty days of entry of this Consent Decree Defendant shall prepare, with the assistances of its stormwater consultant, a stormwater pollution prevention plan that meets the requirements of the NPDES Permit, including the requirements of Condition S9 of the NPDES Permit. The stormwater pollution prevention plan shall specifically include as best management practices a requirement that the Facility install and maintain in the stormwater catch basins catch basin inserts incorporating particulate screens capable of capturing and retaining metal bits. The stormwater pollution prevention plan shall be fully implemented upon its completion, and a copy shall be forwarded to Plaintiff;

8. Not later than thirty days after the date of entry of this Consent Decree, Defendant shall make a payment in the amount of $30,000 (THIRTY THOUSAND DOLLARS) to the Duwamish River Cleanup Coalition for the Duwamish River Cleanup and Vision Project that is described in Attachment A to this Consent Decree. Such payment shall be made by check payable and mailed to Duwamish River Cleanup Coalition, 5410 First Avenue N.E., Seattle, WA 98105, attn: BJ Cummings, and shall bear the notation "Puget Soundkeeper Alliance v. Pacific Metallurgical, Inc., Clean Water Act Settlement," with a copy provided to Plaintiff.

9. Within 30 days of the entry of this Consent Decree, Defendant shall pay Plaintiff's reasonable attorney fees and costs in the amount of $10,500 (TEN THOUSAND FIVE HUNDRED DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Knoll Lowney, in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for fees and costs.

10. The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 12. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record. If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the Court.

11. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the United States Environmental Protection Agency pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administrator of the United States Environmental Protection Agency and the United States Attorney General.

12. This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate two years after the Court's entry of the Consent Decree provided that Defendant has fulfilled its obligations under paragraphs 7(b) through 7(c), 8 and 9 and provided that Defendant shall, within thirty (30) days following termination of the Consent Decree and pursuant to paragraph 7.b above, provide Plaintiff with all communications, inspection reports and/or checklists completed or submitted to Ecology prior to the termination date.

13. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

14. If for any reason the Court should decline to approve this Consent Decree in the

CONSENT DECREE - 7
No. 2:08-CV-00669-TSZ

form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

15. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be mailed to Puget Soundkeeper Alliance, 5309 Shilshole Ave., #215, Seattle, WA 98107. Notifications required by this Consent Decree to be made to Defendant shall be mailed to Pacific Metallurgical, Inc., 925 5th Avenue South, Kent, Washington 98032.

Dated and entered this 4 day of February, 2008 2009

---
THOMAS S. ZILLY
UNITED STATES DISTRICT JUDGE

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

PUGET SOUNDKEEPER ALLIANCE

Signature: *[signature]*

Title: Program Coordinator

Dated: 12/3/08

PACIFIC METALLURGICAL, INC.

Signature: *[signature]*

Title: Vice President

Dated: 11-25-08

CONSENT DECREE - 9
No. 2:08-CV-00669-TSZ

SMITH & LOWNEY, P.L.L.C.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883



Community Coalition for Environmental Justice

The Duwamish Tribe

Environmental Coalition Of South Seattle

Georgetown Community Council

IM-A-PAL Foundation

People for Puget Sound

Puget Soundkeeper Alliance

South Park Neighborhood Association

Washington Toxics Coalition

Waste Action Project

---

*Working to ensure a Duwamish River cleanup that is accepted by and benefits the community and protects fish, wildlife and human health.*

---

5410 First Avenue NE
Seattle, WA 98105
206.954.0218
www.duwamishcleanup.org
contact@duwamishcleanup.org

September 7, 2006

Katie Kolarich
Puget Soundkeeper Alliance
*Via email*

Dear Ms. Kolarich,

Thank you for inviting Duwamish River Cleanup Coalition (DRCC) to submit a proposal for a Supplemental Environmental Project for your consideration, and for your notification that our project has been selected for funding.

The Duwamish River Cleanup Coalition (DRCC) has reviewed the draft consent decree in the matter of Puget Soundkeeper Alliance v. Pacific Metallurgical, Inc. and will review the final consent decree once entered by the Court. DRCC has agreed to accept $30,000 from Pacific Metallurgical, Inc. as part of the settlement in the above-referenced matter, and will use such funds for its Duwamish River Cleanup & Vision Project. DRCC will not use any money it receives under the consent decree for political lobbying activities. DRCC will submit a letter to the Court, Department of Justice, and the parties, describing how the funds have been spent.

Please let me know if you require any additional information in support of this proposal. You can reach me at (206) 954-0218 or bj@duwamishcleanup.org

Sincerely,

BJ Cummings

**Project Title:** Duwamish River Cleanup & Vision Project

**Applicant Organization:** Duwamish River Cleanup Coalition/TAG

**Mission Statement:** To ensure a Duwamish River cleanup that is accepted by and benefits the community and is protective of fish, wildlife and human health

**Contact/Title:** BJ Cummings, Coordinator

**Mailing address:** 5410 First Avenue NE, Seattle, WA 98105

**Phone number:** (206) 954-0218

**Email address:** info@duwamishcleanup.org

**Web site address:** www.duwamishcleanup.org

**Organization Budget for 2008:** $199,500

**Amount requested:** $30,000

**501 (c) (3) Status:** Yes

**Project summary:**
DRCC/TAG is EPA's Community Advisory Group for the Superfund cleanup of the lower Duwamish River. DRCC assists the Duwamish community to be involved in decisions regarding the river cleanup and is developing a comprehensive community vision and implementation plan for the health of the Duwamish River Valley, including creek restoration, toxic cleanup, redevelopment, transportation, and community services. Restoration of Hamm Creek and the "Lost Fork"/Durham Creek watersheds in South Park are an integral part of the project. DRCC/TAG is requesting funds for ongoing oversight and involvement in the Superfund cleanup, completion of the Duwamish Valley Vision Map and Report, and implementation of environmental cleanup and restoration components of the plan. Specifically, funds are requested for:
- Development of public involvement opportunities for the Superfund cleanup, including community services for public meetings, hands-on volunteer opportunities, and educational events including guided tours of the river and the annual river festival
- Duwamish Valley Vision Map GIS and design services and printing
- Completion and distribution of the Duwamish Valley Vision Report
- Development of an interagency implementation plan for the community vision
- Implementation of the environmental cleanup and habitat restoration components of the Duwamish Valley Community Vision, including land, air and water toxics reduction and cleanup and Hamm Creek/Lost Fork restoration and stewardship.

**The problem:**

The health of the Duwamish River watershed has been degraded by the unintended consequences of urban and industrial development for over 100 years. Today, salmon stocks are depressed; chemical accumulations threaten the health of fish, wildlife, residents and fishermen using the river; and few parks or green spaces remain to provide amenities to riverfront neighborhoods like South Park and Georgetown. DRCC/TAG serves as the Community Advisory Group to EPA for the Superfund cleanup of the river and has been facilitating the Duwamish Valley Vision Project since January 2008 to identify the community's needs and aspirations for the future of the river valley and its communities. Among the environmental needs that have been identified are cleanup of the river; restoration of habitat throughout the Hamm Creek, Lost Fork and Puget Creek watersheds; public health improvements through reduction of toxic exposures from air, land and water pollution; improved public access to the river; and community involvement in environmental stewardship.

**Proposed solution:**
Lasting solutions to the cleanup and restoration of the Duwamish River will require participation and commitment from all sectors of the community, including residents, businesses, and government. DRCC was formed in 2001 by a diverse group of stakeholders, including neighborhood, environmental, tribal, health advocacy, social justice and small business organizations. We serve as EPA's Community Advisory Group for the river cleanup, and have developed productive partnerships with many community-based organizations and local public agencies. Collectively, we have achieved gains in the environmental and public health arenas in the past seven years by working to ensure broad-based participation and community involvement in environmental decision-making and stewardship throughout the watershed.

The SEP proposal for the Duwamish River Cleanup & Vision Project is designed to turn attention to the future of the River Valley and ensure that current cleanup and restoration efforts are adequate to support the future needs of the Duwamish Valley's diverse resident, business and visitor communities.

- **Public involvement in river cleanup and restoration**

DRCC will develop and host opportunities for community involvement in cleanup decisions for the Duwamish River Superfund Site. During the two-year SEP, we will engage the community in the development and evaluation of cleanup plans for:
    o The Port of Seattle's Terminal 117 (former Malarkey Asphalt plant)
    o The Boeing Company's "Plant 2"
    o King County Airport/North Boeing Field
    o EPA's Riverwide Alternatives and Feasibility Study

DRCC will provide expert consultants to the community, develop Fact Sheets for public education in Spanish and English, and provide community services to enable meaningful involvement in public meetings and hearings related to clean up decisions for the river. We will also host free community tours of the Superfund site in a variety of languages and provide family-friendly, accessible public education and stewardship opportunities, such as the annual Duwamish River Festival and Duwamish Alive! volunteer days.

- **Completion and Implementation of the Duwamish Valley Vision Project**

DRCC will complete and distribute the Duwamish Valley Vision Map & Report in 2008, and will develop an implementation plan in coordination with local public and private stakeholder agencies, organizations and citizens. Specifically, DRCC will begin implementation of the environmental cleanup and restoration components of the Vision, including:
  - Daylighting and restoration of Hamm, Lost and Puget Creeks
  - Securing riparian and nearshore restoration along the Duwamish River
  - Ensuring a river cleanup that protects fish, wildlife and human health
  - Identifying and reducing ongoing sources of pollution to the river
  - Investigating and developing a toxics reduction strategy for Duwamish Valley air, land and water to protect the health of local residents

**Timetable:**
The described projects will be conducted over the next two years with the support of funding through the SEP (exact timelines are dependent upon EPA's cleanup study and plan releases). It is currently expected that the listed cleanup proposals will be released for public review between 2008 and 2010. The Vision Map & Report will be completed by the end of 2008 and implementation will begin in 2009. A long-range plan for reducing human exposures to toxins in Duwamish Valley air, land and water will begin in 2009 (additional funds are being requested from EPA through the CARE grant program).